

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/14/2008

| | | |
|---|---|---|
| In re:<br><br>SHANI BURNETT<br><br>Debtor. | § § § § § § § § | Case No. 06-34312-H4-13 |
| SHANI BURNETT,<br>    Plaintiff<br><br>V.<br><br>STEWART TITLE, INC. and<br>AN UNKNOWN PERSON OR<br>ORGANIZATION WHO<br>RECOMMENDED AGAINST HIRING<br>MS. BURNETT,<br>    Defendants. | § § § § § § § § § § § § § | Adversary No. 08-03239 |

**MEMORANDUM OPINION ON THE DEFENDANT'S MOTION TO DISMISS
UNDER RULE 12(b)(6)**
[Adv. Docket Nos. 7 and 10]

**I. INTRODUCTION**

Plaintiff Shani Burnett alleges in her Complaint for Adversary Proceeding to [sic] for Damages, Declaratory and Other Relief [Adv. Docket No. 1] that Stewart Title, Inc. violated 11 U.S.C. § 525(b). She makes this allegation because she claims that Stewart Title, Inc. refused to hire her based upon her filing of a Chapter 13 petition.

This Memorandum Opinion will address whether 11 U.S.C. § 525(b) applies to the hiring decisions of private employers. This Court holds that 11 U.S.C. § 525(b) does not prohibit private employers from discriminating against prospective employees based on their bankruptcy status. Set

forth below are the Court's written findings of fact and conclusions of law. The Court reserves its right to make additional findings of facts and conclusions of law as it deems appropriate or as may be requested by any of the parties.

## II. FINDINGS OF FACT

1. On September 1, 2006, Plaintiff Shani Burnett (Burnett) filed her voluntary petition under Chapter 13 of the Bankruptcy Code. [Main Case Docket No. 1.]

2. On July 3, 2007 at 2:00 pm, Burnett attended a job interview with Stewart Title, Inc. (Stewart Title) at the offices of Robert Half Legal, an employment agency. At the end of the interview, Beverly Harmsen (Harmsen), an employee at Stewart Title, informed Burnett that Burnett would be called back for a second interview. [Adv. Docket No. 1.]

3. On July 11, 2007, Burnett went to the second interview, which lasted one hour, and met with Pam and Mary, attorneys employed with Stewart Title. [Adv. Docket No. 1.]

4. On July 13, 2007, Burnett went to Stewart Title and spoke with Harmsen and Pam (one of the attorneys with whom Burnett would be working), but Mary, the other attorney, was out of the office. Burnett then proceeded to Harmsen's office and received the paper work for the drug test and background check. Burnett said that she would see Harmsen on July 23, 2007—the day Burnett was to start working for Stewart Title. [Adv. Docket No. 1.]

5. Stewart Title conditioned an offer of employment to Burnett upon receipt of satisfactory results from her drug test and background test. [Adv. Docket No. 8.]

6. Burnett was not extended a final offer of employment. [Adv. Docket Nos. 1 & 8.]

7. On July 3, 2008, Burnett filed this adversary proceeding against Stewart Title and an Unknown Person or Organization Who Recommended Against Hiring Ms. Burnett. [Adv. Docket No. 1.]

8. Burnett alleges that Stewart Title unlawfully discriminated against her based on her bankruptcy status. [Adv. Docket No. 8.]

9. Stewart Title admits that it decided to withdraw its job offer to Burnett due to her bankruptcy status.[1] However, Stewart Title denies that it engaged in any unlawful or prohibited conduct. [Adv. Docket No. 8.]

10. Stewart Title is a private employer. [Adv. Docket No. 1.]

### III. CONCLUSIONS OF LAW

**A. Jurisdiction and Venue**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b). This dispute is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1409.

**B. Background of 11 U.S.C. § 525**

Section 525 of the Bankruptcy Code protects individuals from discriminatory treatment. Section 525 provides two standards: one for the government in § 525(a) and one for private employers in § 525(b). Subsection (a) of § 525 provides that

> a governmental unit may not . . . deny employment to, terminate the employment of, or discriminate with respect to employment against,

---

[1] In its amended Motion to Dismiss Under Rule 12(b)(6), Stewart Title expressly stated that "Stewart Title could not have violated Section 525(b) of the United States Bankruptcy Code when it made the hiring decision to withdraw its job offer due to Burnett's bankruptcy status, because hiring is not a decision governed by the statute." [Adv. Docket No. 10, Part III.]

3

> a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act . . . solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

11 U.S.C. § 525(a).

Subsection (b) of § 525 has language that is somewhat different from § 525(a):

> No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt--
> (1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;
> (2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or
> (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

11 U.S.C. § 525(b).

**C. Section 525(b) does not apply to hiring practices of private employers.**

A close reading and comparison of the language in subsections (a) and (b) leads to the following conclusions: subsection (a) prohibits government employers from "deny[ing] employment to" a person because of his or her bankruptcy status, whereas subsection (b) does not contain such a prohibition for private employers; rather the private sector is prohibited only from discriminating against those persons who are *already* employees. For whatever reason, Congress intentionally omitted any mention of denial of employment from subsection (b) but specifically provided that denial of employment was actionable in subsection (a). *Pastore v. Medford Savs. Bank*, 186 B.R.

553, 555 (D. Mass. 1995). "Where Congress has carefully employed a term in one place but excluded it in another, it should not be implied where excluded." *J. Ray McDermott & Co., Inc. v. Vessel Morning Star*, 457 F.2d 815, 818 (5th Cir. 1972).

Because of Congress' careful drafting, the language in § 525(b)—"discriminate with respect to employment"—was not meant to serve as a catch-all to cover hiring decisions in the private sector. The only case holding otherwise—and consequently, the only case supporting Burnett's position— is *Leary v. Warnaco, Inc.*, 251 B.R. 656 (S.D.N.Y. 2000). There, the court interpreted § 525(b)'s language, "discriminate with respect to employment," to encompass "all aspects of employment including hiring, firing and material changes in job conditions." *Leary*, 251 B.R. at 659. The *Leary* court's holding with respect to § 525(b) has been rejected by *Martin v. American Family Mutual Insurance Co. (In re Martin)*, No. 07-7067, 2007 WL 2893431 (Bankr. D. Kan. Sept. 28, 2007) and by *Stinson v. BB & T Investment Services, Inc. (In re Stinson)*, 285 B.R. 239 (Bankr. W.D. Va. 2002). In *Martin*, the court, agreeing with the majority of courts, held that Congress did not intend § 525(b) to affect the hiring practices of private employers. *Martin*, 2007 WL 2893431, at *3 ("This Court is unwilling to discard well established canons of statutory interpretation to find that Congress' failure to include a specific reference to hiring in § 525(b), after expressly including it in subsection (a), was merely the result of a less verbose scrivener."). In *Stinson*, the court noted that if Congress intended the phrase "discriminate with respect to employment" to be broad enough to encompass the hiring process, then the "terminate employment" language from subsection (a) and (b) and the "deny employment to" language in subsection (a) are redundant, as both of those actions would fall under the broader discrimination prohibition. *Stinson*, 285 B.R. at 248. This Court agrees with the reasoning from *Martin* and *Stinson*.

This Court disagrees with the *Leary* court's holding that § 525(b) includes discrimination during the hiring process in the private sector. When § 525(a) and (b) are read together, the language in § 525(b) cannot possibly be construed to include denial of employment; if that was Congress' intent, then Congress would have included the phrase from subsection (a)—"deny employment to"—in subsection (b). "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (citing *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)). It is not mere serendipity that the vast majority of the courts have held that § 525(b) does not prohibit discrimination during the hiring process in the private sector. *See, e.g., In re Hardy*, 209 B.R. 371 (Bankr. E.D. Va. 1997); *In re Hopkins*, 81 B.R. 491 (Bankr. W.D. Ark. 1987); *In re Madison Madison Int'l of Ill.*, 77 B.R. 678 (Bankr. E.D. Wis. 1987); *Pastore v. Medford Savs. Bank*, 186 B.R. 553, 555 (D. Mass. 1995); *Fiorani v. CACI*, 192 B.R. 401 (E.D. Va. 1996); *Cord v. Skinner Nurseries, Inc. (In re Cord)*, No. 01-20256, 2004 WL 2923845 (Bankr. M.D. Fla. 2004).

**D. Result in This Case**

If Stewart Title had actually offered Burnett a position and if she had accepted the offer, then an employment relationship would have arisen, and any discrimination thereafter based upon Burnett's bankruptcy status would have been unlawful under § 525(b). *See Hopkins*, 81 B.R. at 494. However, because Burnett was never formally hired and never had an employment relationship with

Stewart Title, Stewart Title did not violate § 525(b) by refusing to hire Burnett based on her bankruptcy status.[2]

## IV. CONCLUSION

Based upon the findings of fact and conclusions of law set forth in this Memorandum Opinion, the Court holds that 11 U.S.C. § 525(b) does not prohibit private employers from discriminating against prospective employees based on their bankruptcy status. "[F]ederal courts do not sit as councils of revision, empowered to rewrite legislation in accord with their own conceptions of prudent public policy." *United States v. Rutherford*, 442 U.S. 544, 555 (1979). This Court must respect and adhere to the Bankruptcy Code as written and may not inject words into Section 525(b) which are plainly missing, no matter how unpalatable the result.

An order consistent with this Opinion will be entered on the docket simultaneously with the entry on the docket of this Opinion.

Signed on this 14th day of October, 2008.

Jeff Bohm
United States Bankruptcy Judge

---

[2]This decision also disposes of the breach of contract claim Burnett filed against Stewart Title because no such employment contract was ever formed. Additionally, "[a]bsent an express agreement to the contrary, Texas is an employment-at-will state." *Thomas v. Long*, 207 S.W.3d 334, 341 (Tex. 2006) (citing *City of Odessa v. Barton*, 967 S.W.2d 834, 835 (Tex. 1998)).